UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| REEM ANTWONE COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-1122-JDT-cgc |
| | ) | |
| ROBERT POMEROY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING AS MOOT
MOTION TO PROCEED *IN FORMA PAUPERIS*, AND RETURNING THIS MATTER
TO THE MAGISTRATE JUDGE FOR ADDITIONAL SCREENING

Plaintiff Reem Antwone Cooper, a resident of Jackson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) United States Magistrate Judge Charmiane G. Claxton granted Cooper's motion for leave to proceed *in forma pauperis*. (ECF No. 6.)

Cooper sues Robert Pomeroy and Scott Cornelson, narcotics investigators with the Jackson Police Department, alleging that on June 7, 2019, they stopped him for speeding; he sought monetary damages. (ECF No. 1 at PageID 2-3.) On July 8, 2020, Magistrate Judge Claxton issued a Report and Recommendation (R&R) concluding that Cooper's complaint fails to state a claim on which relief may be granted and recommending dismissal. (*Id.* at PageID 17.) Objections to the R&R were due on or before July 27, 2020. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d).

Cooper has filed no objections to the R&R, though he has filed an amended complaint. The Court finds no error in Magistrate Judge Claxton's conclusion and ADOPTS the R&R; the original complaint therefore is DISMISSED for failure to state a claim.

Cooper filed his amended complaint against Pomeroy and Cornelson on July 22, 2020, (ECF No. 8), along with another motion to proceed *in forma pauperis*, (ECF No. 9).[1]  Because Cooper already has been granted pauper status in this case, the motion to proceed *in forma pauperis* is DENIED as moot.  The matter is returned to Magistrate Judge Claxton for screening of the amended complaint.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Though Cooper did not include the number for the present case on the documents, the allegations therein involve the same June 7, 2019, incident as the original complaint.  The Clerk correctly treated the July 22nd complaint as an amended complaint and docketed it in this matter instead of opening a new case.  Cooper should ensure that he includes the correct case number on every document he files.