# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**REEM ANTWONE COOPER,**

        **Plaintiff,**

v.                                                       Case 1:20-cv-01122-JDT-cgc

**ROBERT POMEROY and**
**SCOTT CORNELSON,**

        **Defendants.**

## REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING PURSUANT TO 28 U.S.C. § 1915 OF AMENDED COMPLAINT

On June 5, 2020, Plaintiff Reem Antwone Cooper filed a *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Section 1983") and a motion to proceed *in forma pauperis*. (Docket Entry ("D.E.") # 1 & 2.) The motion to proceed *in forma pauperis* was granted on June 23, 2020. (D.E. # 6.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05.[1] On July 8, 2020, a report and recommendation (D.E. # 7) recommending dismissal of the complaint was entered. While that report and recommendation was pending before the District Court, Plaintiff filed an Amended Complaint (D.E. # 8). In his Order adopting the Report and Recommendation, U.S. District Judge

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrate Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

James Todd returned the case to the undersigned for screening of the Amended Complaint. (D.E. # 10)

I.   **Introduction**

In his Complaint, Plaintiff alleged that on June 7, 2019 the Defendants, Narcotic Investigators Scott Cornelson and Robert Pomeroy, pulled him over for speeding. For relief, Plaintiff "want[s] the courts to award money." In the Amended Complaint, Plaintiff adds Madison County and Madison County Police Department as defendants and alleges that:

> "On June $7^2$, Inv. Scott Cornelison accompanied by Inv. Robert Pomeroy pulled me over for speeding on Sweetbay/Briarwood, accompanied by passenger, both officers approached window and I let my window [ …] half way asking what seems to be the problem; while gathering my license and insurance. I then asked officer if this was a criminal stop or traffic stop, officers then responded by aggressively speaking and using profane language towards me. When receiving the ticket leaving the scene, officers then followed me onto Willa Dr. and got out of their vehicle and approached me while visiting with several of my family members and friends with phone in my hands on rooftop of vehicle fellowshipping with friends and family in a non-threatening manner facing vehicle with phone on rooftop still in hand, as I went to ask Inv. Robert Pomeroy and Inv. Scott Cornelison what seems to be the problem now, and that this is harrasment (sic), while preparing my phone for video with my arms extended straight forward in clear visual view as Inv. Scott Cornelison aggressively demanded me to shut my phone while kneeing me in back of my right knee joint, slamming me on the vehicle causing a torn meniscus to my leg, while twisting my right arm and wrist using "excessive force" while on the other hand Inv. Robert Pomeroy yanked my left arm putting it in like choke hold position, with his right forearm pressed up against my elbow while pushing my elbow in and pulling my wrist with his left hand back in opposite direction, while aggressively yanking while my limbs fell limp from pain. He was using profane language and unnecessary force causing me further bodily harm."

Plaintiff states that he "would like the courts to award money for my pain and suffering."

---

[2] No year is stated in the Amended Complaint but for purposes of this Report and Recommendation it is presumed to be 2019 as that was the year stated in the Complaint. (D.E. # 1)

**II.     Analysis**

The caption of Plaintiff's Amended Complaint states that it is a complaint for violations of civil rights pursuant to Section 1983. Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 93, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrims v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and emphasis omitted)). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a *pro se* litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

Generally, to successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) deprivation

3

was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 585, 590 (6th Cir. 2003). In his Amended Complaint, Plaintiff only states the incident that he alleges occurred on June 7 and that he would like to be compensated for pain and suffering. There is no specific allegation that his injuries are as a result of the deprivation of a right secured by the Constitution or laws of the United States.

Plaintiff makes a brief mention of "excessive force". If this is meant to allege a violation of his Eighth Amendment rights, the Amended Complaint fails to state claim. The Eighth Amendment is not implicated if the alleged misconduct occurs prior to a conviction. *Phebus v. City of Memphis,* 340 F.Supp.2d 874, 879 (W.D.Tenn.2004) (citing *Bass v. Robinson,* 167 F.3d 1041, 1048–49 (6th Cir.1999)). As the Supreme Court articulated in *Ingraham v. Wright,* 430 U.S. 651 (1977), "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Id.* at 671 n. 40. Plaintiff does not allege that he had been convicted prior to the alleged incident; on the contrary, Plaintiff alleges that he suffered injuries during an interaction with law enforcement[3]. Accordingly, it is RECOMMENDED that Plaintiff fails to state a claim pursuant to Section 1983 upon which relief may be granted and should be dismissed pursuant to Section 1915 against all Defendants. To the extent that Plaintiff states a claim against the defendants under state law, it is RECOMMENDED that those claims be dismissed without prejudice.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant

---

[3] Plaintiff does not state in either the Complaint or Amended Complaint whether he was arrested at the conclusion of the interaction.

seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 396 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 11th day of August 2020.

          s/ Charmiane G. Claxton
          CHARMIANE G. CLAXTON
          UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**